## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lyndsay Goschke, being first duly sworn, deposes and says that I am a Special Agent with the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that a violation of Title 18, United States Code, Section 1001(a)(2), False Statements, has been committed by GLADYS MARINA CAAL CHEN (hereinafter "CAAL CHEN").

The source of your affiant's information and the grounds for her belief are as follows:

## INTRODUCTION

1. I am a Special Agent with HSI and have been since January 2020. I am currently assigned to the Office of the Assistant Special Agent in Charge, Cleveland, Ohio. I have received training and conducted and/or assisted in investigations involving financial crimes, fraud, and Title 8 violations. As part of my daily duties as an HSI Special Agent, I investigate crimes including human smuggling in violation of 8 U.S.C. § 1324, identity theft in violation of 18 U.S.C. § 1028A, and wire fraud in violation of 18 U.S.C. § 1343, among other crimes. As a Special Agent, I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is authorized to conduct investigations and make arrests for federal felonies.

2. I have personally participated in the investigation of CAAL CHEN, among others, as discussed below. I am familiar with the facts and circumstances of this investigation, through discussions with other law enforcement agents involved in this investigation.

3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

### The U.S. Department of Health and Human Services
### Office of Refugee Resettlement's Unaccompanied Alien Children Program

1.     The United States Department of Health and Human Services ("HHS") is a department within the Executive Branch of the United States government.

2.     Unaccompanied Alien Children ("UACs"), who are apprehended by DHS immigration officials or another federal agency, are transferred to HHS's Office of Refugee Resettlement (ORR), which is responsible for the care and custody of UACs awaiting immigration proceedings.

3.     UACs are defined as individuals who had no lawful immigration status in the United States, are under 18 years of age, and have no parent or legal guardian in the United States or no parent or legal guardian in the United States available to provide care and physical custody.

4.     ORR usually retains custody until UACs: (1) are released to a parent, guardian, relative, or other qualified sponsor; (2) are transferred to foster care; or (3) turn 18 years old.

5.     The process of releasing a UAC from ORR custody to a sponsor involves several steps, including, but not limited to, the identification of a sponsor, the submission of a sponsor application, and an assessment of sponsor suitability, which includes verification of the sponsor's identity and relationship, if any, to the child. Case managers and others employed at HHS-contracted shelters participate in the sponsor assessment process.

2

**CAAL CHEN's Fraudulent UAC Sponsorship Application**

4.　In or around August 2022, CAAL CHEN was encountered by U.S. immigration authorities in or around Hidalgo, Texas. U.S. immigration authorities determined that CAAL CHEN had entered the United States illegally and was a UAC. CAAL CHEN was transferred to ORR's care and custody. In or around January 2023, CAAL CHEN was transferred to the care of a sponsor (herein "Sponsor-1").[1] In June 2023, a final order of removal was issued to CAAL CHEN in absentia.

5.　In or around January 2024, CAAL CHEN submitted a sponsorship application to sponsor a Guatemalan minor male UAC-A[2] in which CAAL CHEN claimed to reside at an address in the Northern District of Ohio and falsely claimed to be UAC-A's sister, Floridalma Cahuec Caal. During the sponsorship application process, CAAL CHEN submitted copies of a birth certificate bearing Floridalma Cahuec Caal's name, a Guatemalan national ID card bearing Floridalma Cahuec Caal's name, a birth certificate bearing UAC-A's name, and a "selfie" photograph of CAAL CHEN holding the Guatemalan national ID card bearing Floridalma Cahuec Caal's name. UAC-A later asserted to a case manager that the individual photographed holding the Guatemalan national ID card bearing Floridalma Cahuec Caal's name was not, in fact, his sister Floridalma Cahuec Caal and was, in fact, an unrelated individual he knew from Guatemala. UAC-

---

[1] In or around August 2022, Sponsor-1 submitted an application to sponsor CAAL CHEN in which Sponsor-1 falsely claimed to be CAAL CHEN's father, ACC. During the sponsorship application process, Sponsor-1 submitted copies of a birth certificate and Guatemalan national ID card bearing ACC's name, a birth certificate bearing CAAL CHEN's name, and a "selfie" photograph of Sponsor-1 holding the Guatemalan national ID card bearing ACC's name. ORR approved the application. The FBI and HSI later observed that Sponsor-1's appearance in the "selfie" photograph matched Sponsor-1's own Guatemalan national ID card, which he had previously submitted to ORR in sponsorship applications using his own name.

[2] CAAL CHEN's father ACC and UACs' full names are known to law enforcement and are not included to protect their anonymity.

A's mother also asserted to that case manager that the individual photographed holding the Guatemalan national ID card bearing Floridalma Cahuec Caal's name was not, in fact, Floridalma Cahuec Caal.

### May 22, 2026, Residential Search

6.      On May 22, 2026, law enforcement searched a residence located in the Northern District of Ohio, pursuant to a search warrant. CAAL CHEN, eight other adults, and four minors were encountered by law enforcement during the search of this residence. A review of DHS and other database holdings has revealed that seven of the adults that were present in the residence, including CAAL CHEN, are aliens without authorization to be present legally in the United States. Several of the individuals found in the residence, including CAAL CHEN, had participated in the UAC sponsorship program as a UAC and/or sponsor. As mentioned *supra* n.1, an individual (Sponsor-1) had previously sponsored CAAL CHEN in or around August 2022 using the alias ACC.[3]

7.      At the time of the search of the residence on May 22, 2026, CAAL CHEN falsely identified herself as [VCB[4]], which was an alias. Law enforcement later identified CAAL CHEN by her true name by a fingerprint comparison. When confronted, CAAL CHEN admitted to law enforcement that she had used an alias. The search revealed several items indicating that Sponsor-1 resided at the residence, including two Guatemalan passports bearing Sponsor-1's name and book ledgers with numerous pages listing names that included Sponsor-1's first name, with figures beside his/her name. Another individual encountered during the search and charged in the separate

---

[3] Sponsor-1 is identified as "Conspirator-1" in a separately filed complaint charging another individual in the residence for smuggling and fraud related offenses.

[4] Redacted to protect identity of this person.

complaint told law enforcement that the lists recorded rent contributions from inhabitants of the residence.

8.      In sum, evidence obtained during the investigation indicates that CAAL CHEN used an alias to sponsor UAC-A, submitted a sponsorship application to ORR that contained material false statements concerning her identity and her relationship with UAC-A, and submitted identification documents that bore her alias's name to support that sponsorship application.

## CONCLUSION

9.      Based on the totality of the facts and circumstances set forth herein, and based upon my training and experience, there is probable cause to believe, and I do believe CAAL CHEN engaged in making material false statements in violation of Title 18, United States Code, Section 1001(a)(2). Accordingly, I respectfully request that the Court issue a Federal Criminal Complaint authorizing the arrest of CAAL CHEN.

Special Agent Lyndsay Goschke
Homeland Security Investigations

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1 on this ___26th___ day of May, 2026 at 10:45 a.m.



Jennifer Dowdell Armstrong
United States Magistrate Judge

5